# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN IN THE SOUTHERN DIVISION

DEMOND WOMACK,

    Plaintiff,

v

TROOPER NOLAN PRZYBYLO,
TROOPER DAVID SKEANS,
TROOPER ANDREW ANSCHUETZ,
TROOPER BENJAMIN SONSTROM,
TROOPER TIMOTHY MADISON,
TROOPER AARON LAESCH,
TROOPER MATTHEW UNTERBRINK, and
TROOPER LARRY COBB,
in their Official and Individual capacities,

    Defendants.

Case No.  18 -
Hon.

_____

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com
_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEMOND WOMACK, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., for his Complaint and Jury Demand against the above named Defendants, states as follows:

## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and Model Penal Code of the State of Michigan.

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983. This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

3. The amount in controversy exceeds seventy-five thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

4. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Detroit, County of Wayne, State of Michigan, which is located within the jurisdiction of the

United States District Court for the Eastern District of Michigan, Southern Division.

## **PARTIES**

5. At all times relevant to this lawsuit, Plaintiff, DEMOND WOMACK, was a resident of the County of Wayne, State of Michigan.

6. At all times relevant hereto, TROOPER NOLAN PRZYBYLO ("PRZYBYLO"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

7. At all times relevant hereto, TROOPER DAVID SKEANS ("SKEANS"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

8. At all times relevant hereto, TROOPER ANDREW ANSCHUETZ ("ANSCHUETZ"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

9. At all times relevant hereto, TROOPER BENJAMIN SONSTROM ("SONSTROM"), was a citizen of the State of Michigan and

was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

10. At all times relevant hereto, TROOPER TIMOTHY MADISON ("MADISON"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

11. At all times relevant hereto, TROOPER AARON LAESCH ("LAESCH"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

12. At all times relevant hereto, TROOPER MATTHEW UNTERBRINK ("UNTERBRINK"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

13. At all times relevant hereto, TROOPER LARRY COBB ("COBB"), was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a trooper for the Michigan State Police.

## FACTUAL STATEMENT

14. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

15. On February 15, 2017 at around 11:10 p.m., Plaintiff, DEMOND WOMACK, was driving on west bound I-94 freeway in the City of Detroit when Defendant ANSCHUETZ suddenly appeared behind Plaintiff, sirens and lights activated.

16. DEMOND WOMACK was unarmed and had no weapons in the vehicle he was driving.

17. DEMOND WOMACK became frightened, continued driving, exiting the freeway and eventually came to a stop on a side street after his vehicle struck a pole.

18. DEMOND WOMACK exited his vehicle and ran to hide under a utility van.

19. Defendants—making up more than half a dozen police officers—and a K-9 unit, surrounded the van that DEMOND WOMACK was under.

20. Plaintiff shouted that he was going to give himself up and come out from under the van, and slid his cell phone out from underneath the van.

21. Plaintiff further exposed his hands from under the van, and spread them flat on the ground.

22. Despite Plaintiff's instruction and actions, Defendants unleashed the K-9 unit on Plaintiff.

23. The K-9 unit began biting DEMOND WOMACK, wounding him as he was still partially under the van, and began to drag him out from underneath the van.

24. Defendant PRZYBYLO kicked the restrained Plaintiff in the back and head and shoved him onto the ground, despite no resistance from Plaintiff.

25. Defendant SKEANS kicked the restrained Plaintiff in the back and head as he lay on the ground, despite no resistance from Plaintiff.

26. Defendant SKEANS sprayed Plaintiff multiple times in the face with Mace while he was on the ground, restrained, and showed no resistance.

27. At all times relevant hereto, all Defendants, including ANSCHUETZ, SONSTROM, MADISON, LAESCH, and UNTERBRINK, were present at the scene and observed the above-described events.

28. At all times relevant hereto, Defendants, who were acting under the color of state law as troopers employed by the Michigan State Police,

proximately caused Plaintiff, DEMOND WOMACK's injuries at set forth herein.

## COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE
## DEFENDANTS TROOPER SKEANS AND TROOPER PRZYBYLO

29. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

30. At all times relevant hereto, Defendant SKEANS was acting under the color of state law and in his capacity as a Michigan State Police Trooper and his acts and/or omissions were conducted within the scope of his official duties and employment.

31. At all times relevant hereto, Defendant PRZYBYLO was acting under the color of state law and in his capacity as a Michigan State Police Trooper and his acts and/or omissions were conducted within the scope of his official duties and employment.

32. Plaintiff, DEMOND WOMACK, had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force by law enforcement.

33. Under all the circumstances known to Defendant SKEANS, the physical force used against Plaintiff, DEMOND WOMACK, was objectively unreasonable and clearly excessive when SKEANS kicked Plaintiff in the back and head as he lay on the ground.

34. Under all the circumstances known to Defendant PRZYBYLO, the physical force used against Plaintiff, DEMOND WOMACK, was objectively unreasonable and clearly excessive when PRZYBYLO kicked Plaintiff in the back and head as he lay on the ground.

35. Defendant SKEANS violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

36. Defendant PRZYBYLO violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

37. At all times relevant hereto, and upon information and belief, Defendants SKEANS and PRZYBYLO had Plaintiff restrained and/or not resisting, and nonetheless continued to use an unjustified amount of force against him.

38. At all times relevant hereto, Plaintiff, DEMOND WOMACK, was unarmed and did not pose a threat to the safety of Defendants or others.

39. At all times relevant hereto, Defendants unleashed a K-9 on Plaintiff while he was unarmed and not a flight risk.

40. The misconduct of Defendant SKEANS directly and proximately caused Plaintiff, DEMOND WOMACK, to suffer numerous injuries including, but not limited to:

   a. Laceration above right eye requiring stitches;
   b. Blowout fracture of right orbital;
   c. Rim fracture of right orbital;
   d. Floor fracture of right orbital;
   e. Two black eyes;
   f. Periorbital ecchymosis;
   g. Periconjunctivital bleeding;
   h. Swelling on right side of forehead;
   i. Dog bites creating 2 puncture wounds on left leg requiring antibiotics;
   j. Double vision;
   k. Pain and suffering;
   l. Anxiety;
   m. Mental anguish;
   n. Emotional distress;
   o. Fright and shock;
   p. Humiliation and/or mortification;
   q. Economic loss;
   r. Punitive damages;
   s. Exemplary damages;
   t. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   u. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   v. Any other damages allowed by law;

41. The misconduct of Defendant PRZYBYLO directly and proximately caused Plaintiff, DEMOND WOMACK, to suffer numerous injuries including, but not limited to:

   a. Laceration above right eye requiring stitches;
   b. Blowout fracture of right orbital;

  c. Rim fracture of right orbital;
  d. Floor fracture of right orbital;
  e. Two black eyes;
  f. Periorbital ecchymosis;
  g. Periconjunctivital bleeding;
  h. Swelling on right side of forehead;
  i. Dog bites creating 2 puncture wounds on left leg requiring antibiotics;
  j. Double vision;
  k. Pain and suffering;
  l. Anxiety;
  m. Mental anguish;
  n. Emotional distress;
  o. Fright and shock;
  p. Humiliation and/or mortification;
  q. Economic loss;
  r. Punitive damages;
  s. Exemplary damages;
  t. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
  u. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
  v. Any other damages allowed by law;

42. The acts and/or omissions of Defendants SKEANS and PRZYBYLO were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, DEMOND WOMACK. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT II
## 42 U.S.C § 1983 FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFF'S FOURTH OR FOURTEENTH AMENDMENT RIGHTS
## ALL DEFENDANTS

43. Plaintiff incorporates herein all of the prior allegations.

44. Defendants had a duty to intervene when other Defendant officers were violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983, which in effect, resulted in the infliction of excessive force and punishment upon Plaintiff.

45. Defendants observed and/or had reason to know that excessive force and punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification.

46. Defendants had the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring.

47. Defendants were acting with deliberate indifference towards the above described acts being inflicted upon Plaintiff, and as such, were the proximate cause of the injuries suffered by Plaintiff.

48. The Defendants' foregoing failure to act, itself amounted to a constitutional violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

49. As a direct and proximate result of the individually named Defendants' willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to, the injuries and damages as outlined previously in this Complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

### COUNT III
### GROSS NEGLIGENCE
### ALL DEFENDANTS

50. Plaintiff hereby reincorporates each and every allegation set forth in the previous paragraphs as if fully set forth herein.

51. At all times relevant hereto, pursuant to Michigan Law, Defendants, as officers employed by the Michigan State Police, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, DEMOND WOMACK.

52. At all relevant times, Defendants were acting within the course and scope of their employment.

53. Defendants acting within the scope of their employment, breached this duty and were grossly negligent, as defined in MCL 691.1407(2)(c), when they acted so recklessly as to demonstrate a substantial lack of concern as to whether injury would result toward Plaintiff and with disregard for his health, safety, and constitutional and/or statutory rights, by doing the following:

    a. Kicking DEMOND WOMACK in the back and head while he lay on the ground, unarmed, not resisting, and posing no harm to Defendants or the public;

    b. Using an unreasonable amount of force on DEMOND WOMACK, already restrained and not resisting, on the ground;

    c. Unleashing a K-9 unit on DEMOND WOMACK, who proceeded to bite Plaintiff, after Plaintiff had already instructed, and taken actions demonstrating, that he was not resisting and giving himself up;

    d. Spraying DEMOND WOMACK with Mace in the face as he was unarmed, restrained on

    the ground, not resisting, and posing no threat to Defendants or the public;

e. Observing and/or having reason to know that excessive force and punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification, and having the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring, and failing to act;

f. Acting with reckless disregard for the physical safety of Plaintiff DEMOND WOMACK;

g. Acting with a willful and/or wanton disregard for the safety of others, particularly, Plaintiff, DEMOND WOMACK;

h. Acting in a reckless and/or grossly negligent manner as contemplated in MCL 691.1407(8)(a);

i. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

j. Any and all breaches that become known through litigation.

54. As the direct and proximate result of the grossly negligent conduct of Defendants, the Plaintiff suffered significant, serious, and permanent injuries, resulting in physical difficulties to date.

55. As the direct and proximate result of Defendants' above described breaches of duty and gross negligence, Plaintiff, DEMOND WOMACK, suffered the following serious and permanent injuries and damages:

   a. Laceration above right eye requiring stitches;
   b. Blowout fracture of right orbital;
   c. Rim fracture of right orbital;
   d. Floor fracture of right orbital;
   e. Two black eyes;
   f. Periorbital ecchymosis;
   g. Periconjunctivital bleeding;
   h. Swelling on right side of forehead;
   i. Dog bites creating 2 puncture wounds on left leg requiring antibiotics;
   j. Double vision;
   k. Pain and suffering;
   l. Anxiety;
   m. Mental anguish;
   n. Emotional distress;
   o. Fright and shock;
   p. Humiliation and/or mortification;
   q. Economic loss;
   r. Punitive damages;
   s. Exemplary damages;
   t. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   u. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   v. Any other damages allowed by law;

56. As a direct and proximate result of the grossly negligent conduct of Defendants, Plaintiff has suffered and will continue to suffer

damage into the future, including but not limited to, the injuries and damages as outlined previously of this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

Respectfully submitted,

/s/David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: September 26, 2018

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN IN THE SOUTHERN DIVISION

DEMOND WOMACK,

    Plaintiff,

v

TROOPER NOLAN PRZYBYLO,
TROOPER DAVID SKEANS,
TROOPER ANDREW ANSCHUETZ,
TROOPER BENJAMIN SONSTROM,
TROOPER TIMOTHY MADISON,
TROOPER AARON LAESCH,
TROOPER MATTHEW UNTERBRINK, and
TROOPER LARRY COBB,
in their Official and Individual capacities,

    Defendants.

Case No. 18 -
Hon.

---

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, DEMOND WOMACK, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: September 26, 2018